No. 23-90013

# UNITED STATES COURT OF APPEALS
# FIFTH CIRCUIT

In the Matter of Highland Capital Management, L.P.,
Debtor.

**NEXPOINT ADVISORS, L.P. and
HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.,**

**Appellant**

**v.**

**HIGHLAND CAPITAL MANAGEMENT, L.P.,**

**Appellee**

On Appeal from the United States Bankruptcy Court
for the Northern District of Texas, Dallas Division
Bankruptcy Case No. 19-34054-sgj11

Appeal Pending in the United States District Court
for the Northern District of Texas, Dallas Division
Case No. 3:23-cv-00573-E

## APPELLEE'S RESPONSE TO
## APPELLANTS' PETITION FOR PERMISSION TO APPEAL
## (DIRECT APPEAL FROM BANKRUPTCY COURT, 28 U.S.C. § 158(d))

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz
John A. Morris
Gregory V. Demo
Jordan A. Kroop
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
(310) 277-6910

HAYWARD PLLC
Melissa S. Hayward
Zachery Z. Annable
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
(972) 755-7100

*Counsel for Appellee*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of Rule 28.2.1, have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

1.   **Appellants:**
     **NexPoint Advisors, L.P.**
     **Highland Capital Management Fund Advisors, L.P.**

     *Counsel for Appellants:*

     MUNCH HARDT KOPF & HARR, P.C.
     Davor Rukavina
     500 North Akard Street, Suite 3800
     Dallas, TX 75201-6659
     Tel: (214) 855-7500

2.   **Appellee (Debtor):**
     **Highland Capital Management, L.P.**

     *Counsel for Appellee:*

     PACHULSKI STANG ZIEHL & JONES LLP
     Jeffrey N. Pomerantz                    John A. Morris
     10100 Santa Monica Blvd., 13th Floor    Gregory V. Demo
     Los Angeles, CA 90067                   Jordan A. Kroop
     Tel: (310) 277-6910                     780 Third Avenue, 34th Floor
                                             New York, NY 10017-2024
                                             Tel: (212) 561-7700

     HAYWARD PLLC
     Melissa S. Hayward
     Zachery Z. Annable
     10501 N. Central Expy, Ste. 106
     Dallas, Texas 75231
     Tel: (972) 755-7100

                                             */s/ Zachery Z. Annable*
                                             Zachery Z. Annable

DOCS_NY:47534.2 36027/003

Appellee Highland Capital Management, L.P., the reorganized debtor in the chapter 11 bankruptcy case below, respectfully responds to the *Petition for Permission to Appeal (Direct Appeal from Bankruptcy Court 28 U.S.C. § 158(d))*, filed in this Court on April 26, 2023 (the "**Petition**"), by the above-captioned Appellants.

## A.     Appellee Supports this Court's Granting Direct Appeal

Appellee agrees with Appellants and the Bankruptcy Court that a direct appeal to this Court from the Bankruptcy Court's *Memorandum Opinion and Order on Reorganized Debtor's Motion to Conform* Plan (the "**Order**") will materially advance the proceedings in the Bankruptcy Court. The Order implements this Court's mandate in Case No. 21-10499, in which, on direct appeal, the Court affirmed the Bankruptcy Court's order confirming the *Debtor's Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* (the "**Plan**") in all respects other than the scope of the Plan's exculpation clause. On that one issue, this Court held that certain non-debtor parties were categorically precluded from exculpation by 11 U.S.C. § 524(e). In a revised opinion dated September 7, 2022 (the "**Revised Opinion**"), this Court reversed the confirmation order only in that limited respect, "otherwise affirm[ed] the inclusion of the injunction and gatekeeper provisions in the Plan," and remanded the Bankruptcy Court's confirmation order for further proceedings consistent with the Revised Opinion.

The Revised Opinion is exactly the same as this Court's earlier opinion in the same case dated August 19, 2022 (the "**First Opinion**")—except for the replacement of a single sentence. If the appeal of the Order is adjudicated in the District Court, Appellee believes that the non-prevailing party inevitably would seek further appellate review in this Court. A direct appeal thus will save the parties substantial time and expenses briefing and arguing an intermediate appeal, and thus also conserve the District Court's resources. Because this Court is all but certain to have to resolve the issue on appeal in all events, a direct appeal will not add to this Court's caseload. A direct appeal will also expedite long-awaited finality of the confirmed Plan in all respects.

Only this Court can rule authoritatively on the scope of its prior mandate in this case, and on whether the Order complies with this Court's instruction that "further proceedings" on remand be "consistent with" the Revised Opinion.

**B.    Appellants Mischaracterize the Sole Issue in this Appeal**

The sole issue in this appeal is whether the Order on remand is consistent with this Court's mandate. Appellants argued in the Bankruptcy Court that this Court's Revised Opinion requires changes to be made to a "gatekeeper provision" in the Plan that is separate and distinct from the Plan's exculpation clause. Appellants based that argument principally on the one-sentence difference between this Court's Revised Opinion and the First Opinion. In the First Opinion, this Court had stated that, "The

injunction and gatekeeper provisions are, on the other hand, perfectly lawful." The Revised Opinion replaced that sentence with, "We now turn to the Plan's injunction and gatekeeper provisions."

In a written opinion, the Bankruptcy Court squarely rejected Appellants' unsupported view that this one-sentence revision undermines the Court's explicit affirmance of the Plan's gatekeeper provision. The Bankruptcy Court observed, among other things, that the Revised Opinion retained in full this Court's decision to vacate only the extension of the Plan's exculpation provision to certain non-debtors, and "simply deleted the sentence stating that the gatekeeper provisions and injunction are 'perfectly lawful' and otherwise left its initial affirmance of the gatekeeper provisions and injunctions intact."[1]

Appellants spend the bulk of their Petition mischaracterizing and disputing the Plan, the gatekeeper provision, the First and Revised Opinions, the Order, the record, and the sole issue on appeal, all in an attempt to re-litigate long-ago overruled objections to the Plan.

A direct appeal of the Order and the single, narrow question it poses is all that is before this Court. Appellee respectfully urges the Court to grant a direct appeal of the Order.

---

[1] Order at 13.

Date:  May 8, 2023                **PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz
John A. Morris
Gregory V. Demo
Jordan A. Kroop
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Tel: (310) 277-6910
Email: jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        jkroop@pszjlaw.com

-and-

**HAYWARD PLLC**
*/s/ Zachery Z. Annable*
Melissa S. Hayward
Zachery Z. Annable
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100

*Counsel for Appellee*

## CERTIFICATE OF COMPLIANCE WITH FRAP 5(c)

1.    This document complies with the word limit of Federal Rule of Appellate Procedure 5(c) because, including footnotes but excluding portions permitted by rule to be excluded, it contains 660 words.

2.    This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) (as required under Federal Rule of Appellate Procedure 5(c)) because this document has been prepared in a proportionally-spaced serif (Times New Roman) typeface at 14-point type (12-point for footnotes).

*/s/ Zachery Z. Annable*
Zachery Z. Annable

## CERTIFICATE OF SERVICE

I certify that, on May 8, 2023, the foregoing response was electronically filed using the appellate CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished via CM/ECF.

*/s/ Zachery Z. Annable*
Zachery Z. Annable